1562-14

ORIGINAL  NO. PD-1562-14

IN THE COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS.

JOSE LUIS RIOJAS
Appellant,
Petitioner,

VS.

THE STATE OF TEXAS
Appellee,
Respondent,

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 11 2015
Abel Acosta, Clerk

APPEALED FROM THE 175TH JUDICIAL DISTRICT
COURT OF BEXAR COUNTY, TEXAS.
CAUSE NO. 2013-CR-1304
DIRECT APPEAL NO. 04-14-00217-CR

FILED IN
COURT OF CRIMINAL APPEALS
FEB 12 2015
Abel Acosta, Clerk

PETITION FOR DISCRETIONARY REVIEW
[WITH AUTHORITIES]

JOSE LUIS RIOJAS, PRO-SE
TDCJ. NO. 1918755
COTULLA TRANSFER FACILITY
610 FM 624
COTULLA TX. 78014

ORAL ARGUMENT REQUESTED.

# IDENTITY OF THE PARTIES AND COUNSELS.

APPELLANT, PETITIONER;
J.H. SAWYER

MR. JOSE LUIS RIOJAS,
T.D.C.J., COTULLA TRANSFER
FACILITY PRO~SE

TRIAL COUNSEL

MICHAEL SAWYER,
1111 QUINTANA
SAN ANTONIO, TEXAS
78211~1130

COUNSEL[S] FOR THE
STATE [AT TRIAL AND APPEAL]

SUSAN D. REED,
NICHOLAS LAHOOD.

TRIAL JUDGE

MARY ROMAN,
175TH JUDICIAL DISTRICT COURT
101 W. NUEVA, SAN ANTONIO
TEXAS, 78205

FOURTH COURT OF APPEALS
APPOINTED JUSTICE[S]

CATHERINE STONE,
KAREN ANGELINI
LUZ ELENA D. CHAPA.
    JUSTICES.
FOURTH COURT OF APPEALS
DISTRICT, CADENA~REEVES
JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TX 78205~3037

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES AND COUNSEL ....... ii

TABLE OF CONTENTS ....... iii

INDEX OF AUTHORITIES ....... vi

STATEMENT REGARDING ORAL ARGUMENT ....... 1

STATEMENT OF THE CASE ....... 2

STATEMENT OF PROCEDURAL HISTORY ....... 3

GROUND FOR REVIEW OR QUESTION FOR REVIEW

I. GROUND FOR REVIEW ONE / QUESTION FOR REVIEW ONE

Violation of Petitioner's 4th, 5th and 6th Amendments through the Exclusionary Rule, which provides that evidence obtained in violation of the 4th, 5th and 6th Amendments may not be introduced at trial as evidence to support a defendant's guilt. The purpose of the Exclusionary Rule is to deter police misconduct. U.S. v. Leon, 468, U.S. 897, 915 (1984); U.S. v. Calandra, 414 U.S. 338, 348 (1974). When a court improperly admits evidence in violation of the Exclusionary Rule, the Court's findings must be reversed. Chapman v. Cal., 386 U.S. 18, 23-24 (1967); Deck v. Mo., 544 U.S. 622, 629, 634 (2005) (defendant was shackled before jury which violated his 5th and 14th Amends. rights, and State bears burden of reasonable doubt to demonstrate that error was harmless) See Kan v. Ventris, 556 U.S. 586, 594 (2009) (defendant's statement obtained in violation of 6th Amend. right to counsel inadmissible to prove guilt) Oregon v. Hass, 420 U.S. 714, 722-24 (1975). ....... 4,5

II. GROUND FOR REVIEW TWO / QUESTION FOR REVIEW TWO

Violation of Petitioner's 5th and 14th Amendments through the Due-Process Clause, spoliation of material Exculpatory evidence and witnesses. The 5th and 14th Amendments require the government to disclose

specific types of evidence to defendants. For example, In _Brady v. Maryland_, the Supreme Court held that Due-Process requires the Prosecution to disclose upon request, evidence favorable to an accused when such evidence is material to guilt or punishment. 373 U.S. 83, 87 (1963); In _Brady_ the Prosecutor failed to disclose a confession obtained from the defendant's accomplice after the defendant requested such statements. 373 U.S. at 84. The Clerk's Record reflects that _Mr. Riojas_, timely filed his PRO SE Motion for Discovery, pursuant to Art. 39.14 T.C.C.P. and MORTON ACT., However a Brady violation occurs when: (1) evidence is favorable to the accused because it is exculpatory or impeaching; (2) evidence was suppressed by the State either willfully or inadvertently; (3) Prejudice ensued. In _United States V. Bagley_, the Court held that the Government's duty under _Brady_ arises regardless of whether the defendant make a request for the evidence. Favorable evidence is material. A "reasonable Probability" under _Bagley_ is a Probability sufficient to undermine Confidence in the outcome. 473 U.S. at 678, 682 (Plurality Opinion). _Mr. Riojas_ never received his Discovery Packet; instead of the customary threatening of both Trial and State Counsels who ambushed him to Plea out with the guarantee to appeal the premeditated draconian 18 years Conviction as the record reflects.

6, 7

III. GROUND FOR REVIEW THREE / QUESTION FOR REVIEW THREE

Violation of petitioners 6th Amendment through the deficient and conspiratorial performance of both trial and appellate Counsels acting in Cahoot with the state to induce Mr. Riojas, clearly reflected in the outcome of the proceeding, and subsequent dismissal of a clear established right to Appeal as Certified by the trial Court. RIGHT TO COUNSEL. the Sixth Amendment Provides that in all Criminal Prosecutions, the accused shall enjoy the right to have Assistance of Counsel for his defense. The records reflects that.

iv

the trial Counsel "MICHAEL SAWYER", actively repre--sented the interest of the State. If the Sixth Amend--ment, violation pervade[s] the entire Proceeding, which is this case, then the harmless error is inapplicable, and the violation is enough to overturn the Conviction regardless of the severity of the results. Satterwhite V. Tex., 486 U.S. 249, 256 (1988) See also U.S. V. Cronic, 466 U.S. 648, 659 n.25 (1984) "[The Court has Uniformly Found Constitutional error without any showing of pre--Judice When Counsel was totally absent, or Prevented From assisting the accused during a Critical Stage of the Proceeding]." Mr. SAWYER, is the same Counsel who entrapped several immigrants and illiterate American Citizens with the Customary Trickery scheme and Cahoot with the State and S.A.P.D. in Similar cases; In 2012 CR 6379 JOSE M. RODRIGUEZ V. STATE, the Trial Counsel Michael SAWYER, acted in Cahoot with the schemer Prosecutor and defendant CHRISTOPHER W. DEMARTINO, to Convict Mr. RODRIGUEZ, For a fabricated multi duplicity Double Jeopardy Indictments with Know~ledge that Mr. RODRIGUEZ, Possesses no Criminal record Mr. SAWYER, entrapped him by the Well Known applica--tion For Probation which resulted in a ten years Conviction. See FLORES V. T.D.C.J. ETAL U.S.D.C. NO 2:14-CV- 283.; FLORES V. Bexar Cnty D.A. ETAL U.S.D.C. NO 5:13-CV-2FB; Appeal NO 14-50061 in CERT.

7, 8

ARGUMENT                          9
PRAYER FOR RELIEF                 10
APPENDIX                          12
CERTIFICATE OF SERVICE            11

V

# INDEX OF AUTHORITIES

Ballard v. Wall, 413 F.3d 510, 519 (5th Cir. 2005) .......... 3

Bell v. Milwaukee, 746 F.2d 1205 (1984) .......... 1, 3

Brady v. U.S., 397 U.S. 742, 750 (1970) .......... 2

Brady v. Md., 323 U.S. 83 S.Ct. 1194 (1963) .......... iv, 2, 6

Chapman v. Cal., 386 U.S. 18, 23-24 (1967) .......... iii

Deck v. Mo., 544 U.S. 622, 629, 634 (2005) .......... iii

Crawford v. State, 892 SW 2d 1 (TX Cr. App 1994) .......... 6

Ex parte Ghahremany, 332 SW 3d 470, 447
   (TX. Cr. App. 2011) .......... 7

Faretta v. Cal., 422 U.S. 806, 821 (1975) .......... 5, 7, 8

Ferrera v. U.S., 456 F.3d 278, 297-98 (1st Cir. 2006) .......... 9

Flores v. T.D.C.J. U.S.D.C. No. 2:14-CV-283 .......... vi, 1

Flores v. 4th Court of Appeals U.S.D.C No. 2:14-CV-283 .......... 3

Glover v. US, 531 U.S. 198, 202, 204 (2001) .......... 7

Groh v. Ramirez, 540 US 551, 564-65 (2004) .......... 4

Herring v. U.S., 555 US 135, 145 (2009) .......... 5

Holmes v. S. Carolina, 547 US 319 (2006) .......... 7, 8

Kan v. Ventris, 056 US 586, 594 (2009) .......... iii

Or. v. Hass, 420 US 714, 722-24 (1975) .......... 7

Piña v. Maloney, 565 F.3d 48, 55 (1st Cir. 2009) .......... 4

Ronald Watson v. State, 227 SW 3d 446 (TX App. 2007) .......... 3

Robinson v. Black, 812 F.2d 1084 (8th Cir. 1987) .......... 3

Ryland v. Shapiro, 708 F.2d 967 (5th Cir. 1983) .......... v

Satterwhite v. TX, 486 US 249, 256 (1988) .......... 1

Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985) .......... 7

Strickland v. Washington, 466 US 668, 687-88 (1984) .......... 6

Strickler v. Greene, 522 US 263, 119 S.Ct. 1193 (1999) .......... 6

Thomas v. State, 841 S.W. 2d 399 (TX Crim App. 1992) .......... 9

U.S. v. Acosta Colon, 157 F.3d 9, 22 (1st Cir. 1998) .......... iii

U.S. v. Calandra, 414 US 338, 348 (1974) .......... iv

U.S. v. Bagley, 473 US 667, 682 (1985) .......... 9

U.S. v. Benard, 680 F.3d 1206, 1215 (10th Cir. 2012) .......... iii

U.S. v. Leon, 468 US 897, 915 (1984) .......... 9

U.S. v. Leake, 95 F.3d 409, 422 (6th Cir. 1996) .......... 4

U.S. v. Johnson, 584 F.3d 995, 999 (10th Cir. 2009) .......... 4

U.S. v. Salucci, 448, 83, 86-87 (1980) .......... 2, 9

U.S. v. Stevens, 487 F.3d 232, 238 (6th Cir. 2007) .......... 2, 9

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner respectfully requests to this Court of Criminal Appeals of Texas "Grant" Oral Argument in this matter in order to address issues of Constitutional magnitud, the flagrant mockery to Mr. RIOSAS's rights and an endless list of victims of International Terrorism. (See 18 U.S.C. § 2331) whose the Bexar County District Attorney, S.A.P.D. officers, trial counsels and magistrates use and target to deceit our tax-payers and International Financial Institutions to keep operating a profitable business of Human Trafficking. FLORES V. TDCJ ET AL Supra. Bell V. Milwaukee, 746 F.2d 1205 (1984)

Pursuant the U.S. Court of Appeals holding in Spears V. McCotter, 766 F.2d 179 (5th Cir. 1985) this Court should grant as an initial matter an Spears' Hearing to preserve in record the real facts in Mr. RIOSAS wrongful conviction, which would demonstrate that the alleged victim, was harassing Mr. RIOSAS' family and sexually assaulted his niece "ROSALINDA FERNANDEZ", and a series of material exculpatory evidences that both trial and State counsels concealed in cahoot with the trial Court to convict Mr. RIOSAS. See Exhibit A.

The flagrant abuse of discretion of the trial Court are clear exposed in several malicious convictions. (42 U.S.C. § 1985 (2)(3)). In 2013CR 4809 and 2013CR 7725, Mr. MANUEL RIVERA, after being assaulted and kidnapped by S.A.P.D. officer AARON KLEFF, and poisoned in Bexar County Jail, being the real victim of a crime, Judge MARY ROMAN, convicted Mr. RIVERA, to 7 seven years TDCJ for a different charge to the Indictment once his jailhouse lawyer filed his Habeas Corpus, the same deceiver, MARY ROMAN, tampered the original record in order to protect her criminal partners. See Exhibits B1, B2, B3. Therefore its imperative this Court GRANT Oral Argument.

## STATEMENT OF THE CASE

Petitioner Jose Luis Riojas, is an American citizen, Entrepreneur, and resident of Bexar County Texas, Who was arrested and later Indicted With false allegations of Aggravated Assault With Deadly Weapon to DANIEL PEREZ, In 2013-CR-1304, in Bexar County Texas. Nothing in record reflects that Mr. Riojas was taken to a pre-Indictment Hearing, regardless the Payment of of the Private Counsel, MICHAEL SAWYER, who was acting in Cahoot With the State and trial court to convict Mr. Riojas. However since the Petitioner became indigent and totally dependable of the conspirator trial Counsel who robbed his limited financial treasures, In Contenetion with the Customary deceptives practices of concealment of evidences, and Without any legal opportunity to defeat the false charges entered in a Conditional Plea of nolo contendere, reserving in Writing his right to appeal. See Exhibit C. Mr. Riojas, agreed to sign 8 eigth years T.D.C.J, that once in front of the Schemer trial court resulted in 18 years conviction. However the trial Court and the government Consented the Conditional Plea. See Federal Rule of Crim. Proc. 11 (a)(2); U.S. V. Stevens, 487 F.3d 232, 238 (5th Cir. 2007). The Constitution requires that a defendants plea be made Voluntarily, knowingly and intelligently. See Brady V. U.S. 397 U.S. 742, 750 (1970) (State may not induce guilty plea by threatening defendant with physical harm or by mental Coercion overbearing defendant's Will)

Pursuant the plea agreement Mr. Riojas timely filed his appeal No. 04-14-00217-CR, for which the appellate counsel presented nothing; i.e no arguments on Mr. Riojas' behalf, which resulted on a dismissed Appeal, giving rise to this P.D.R. No 1562-14.

## STATEMENT OF PROCEDURAL HISTORY

On November 12th 2014, Petitioner's Appeal was dismissed based in mere arbitrary decision and rules and statutes, regardless the Certificate of Appellability clearly reflects a no-contendere plea agreement conditioned to a permission to appeal pursuant to Tex. R. App. Proc. 25.2 (a)(2)(C).

A Motion for rehearing was due on November 28th 2014, due to the seclusion-robbery of Petitioner's legal mail in T.D.C.J. he was unable to file said motion, but timely filed with the assistance of his jailhouse lawyer his Motion for Extension of time to file a Petition for Discretionary Review, which was granted by this Court until February 10th 2015. See P.D.R. 1362-14 page No. 4.3 <u>Robinson V. Black</u>, 812 F.2d 1084 (8th Cir 1987) <u>U.S. V. Cronic - Supra - intra</u>.

Mr. Riojas once again confronted the customary trickery and cahoot among prosecutors, trial-appellate counsels, magistrates and 4th Court of Appeals justices. See Exhibit-D. See <u>Flores V. 4th Court of Appeals Justice</u> et al USDC, S.D.TX No. 2:14-CV-283. <u>Ballard V. Wall</u>, 413 F.3d 510, 519 (5th Cir. 2005); <u>Bell V. Milwaukee</u>, 746 F.2d 1205 (1984); <u>Ryland V. Shapiro</u>, 708 F.2d 967 (5th Cir. 1983).

## GROUND FOR REVIEW OR QUESTION FOR REVIEW.

### I. GROUND FOR REVIEW ONE / QUESTION FOR REVIEW ONE

THE EXCLUSIONARY: the arresting S.A.P.D. officers in their customary outrageous conduct, instead to arrest the real offender Mr. DANIEL PEREZ, who Assaulted Sexually Petitioner's niece LMS. ROSALINDA FERNANDEZ and continuously was harassing Mr. RIOJAS and his family, giving rise to verbal confrontations contrary to the alleged charging instrument, and fabricated evidences, altogether with the undeniable violation of Mr. RIOJAS 4th 5th and 6th Amendments resulting in a conspiratorial 18 years conviction

STANDING. Mr RIOJAS has standing to challenge the admission of illegally obtained evidence due to his constitutional rights violation U.S. V. Salvucci, 448. 83, 86-87 (1980); U.S. V. Johnson, 584 F. 3d 995, 999 (10th Cir. 2009) Because of the personal nature of the right, the 5th Amendment Privilege against self incrimination, is available to Mr. RIOJAS.

Relying upon "reasonableness" as the touchstone of Search and Seizure jurisprudence, nothing about the manner in which the arresting officers and approving authorities passes Constitutional muster. As an initial matter Mr. RIOJAS arrest was without a Valid Search Warrant. Groh V. Ramirez, 540 U.S. 551, 564-65 [2004] explaining that ATF agent not entitled to qualified immunity for preparing and exceeding deficient warrant. In Ronald Wilson V. State the SAPD detective in charge recognized that he pre-meditatedly planted a false evidence to involve Mr Wilson in a murder cold case and subsequent 25 years conviction. In Flores V. State 2012 CR 1969 the SAPD detective and sex offender R. VARA, fabricated charges of Aggravated Kidnapping - Sexual Assault after receive several sexual favors from the alleged victim, and once Mr. FLORES arrested said detec-

-tive in his customary conduct vandalized Mr. Flores' dwelling and business; embezzling over US $1 million in assets. Mr. Jack Len O'Neal, is just one more example of the well known brutality and police abuse of office of S.A.P.D. who sexually assaulted sergeant San Antonian's Females. The Supreme Court has identified five situations in which police reliance on a warrant is not absolutely reasonable: (1) when a magistrate issues a warrant based on a deliberately or recklessly false affidavit, (2) when a magistrate fails to act in a neutral and detached manner (3) when a warrant is based on an affidavit ~ so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, (4) when a warrant is so facially deficient that no reasonable officer could believe it to be valid; (5) when police recklessly maintain or knowingly enter false information into a warrant database to enable future arrests. Franks v. Delaware, 438 US. at 156; Herring v. U.S 555 U.S. 135, 145 (2009)

The San Antonio Police Report received on December 13th 2012 at 2:45 P.m. at the District Attorney's Office, clearly reflects that the petitioner never committed the alleged offense to the fabricated indictment and the concealed exculpatory Evidence, would demonstrate that Mr. Riojas and his family are the real victims of sexual assault and terrorist threats and assault; committed by the alleged victim Viet Mr. DANIEL PEREZ.

Therefore Petitioner's Ground For Review one/ Question For Review one, should be sustained and this court of criminal Appeals should reverse the Fourth court of Appeals Mandate Opinion, and allow Mr. Riojas to perfect his Appeal as PRO~SE, Pursuant the holding in Faretta V. California. 422 US. 806, 821 (1975); Flores V. State; 04-12-00805 CR. (TX App. San Antonio September 9th 2014) No Published.

## II. GROUND FOR REVIEW TWO / QUESTION FOR REVIEW TWO

DUE PROCESS CLAUSE VIOLATION. Article V of the U.S. constitution requires disclosure of exculpatory evidence and mitigating evidence under the doctrine in Brady v. Maryland, 373 U.S. 83, 83 Sct. 1194 (1963) the State violates this right when (1) there has been a request and failure to disclose, (2) evidence favorable to defendant, (3) the evidence must have been wilfully and inadvertenly suppressed by the State, and (4), the evidence creates a probability sufficient to undermine the confidence of the proceedings. Thomas v. State, 841 S.W. 2d 399 (TX. Crim. App. 1992) including confidential crime stoppers information. See Crawford v. State, 892 S.W. 2d 1 (TX Crim. App. 1994); Strickler v. Greene, 527 U.S. 263, 119 S.Ct. 1936 (1999)

Mr. Riojas, with knowledge of the modus operandi of the Bexar County Courts, and the undeniable cahoot between the trial counsel, Mr. Sawyer, and Prosecutor, timely requested his Discovery Packet, which was denied due to the private contract between D.A and trial counsels to obtain conviction by any mean of deception and brutalty; therefore, consequently with the clear entrapment; Mr Riojas, had to sign the conditional plea, to 8 years, which once in front of the conspirator trial judge, resulted in 18 years T.D.C.J. conditioned to appeal it. See Exhibit C.

The clerk's record clearly shows that Mr. Riojas, timely filed several pro-se motions in order to preserve the reviewable constitutional errors, pursuant to Rules 33.1 and 44.2 T.R.A.P.; which the trial court, MARY ROMAN, wilfully and inadvertenly suppressed in order to convict Mr. Riojas, and later on, appeal No. 04-14-00217-CR, the trial court maliciously tampered the record in order to dismiss a constitutional right to appeal, which was expressely given to Mr. RIOJAS, pursuant to T.R.A.P. 25.2(a)(2)(C). In Strickler v. Greene, at 1937, the Supreme Court held:

6

undisclosed evidence, documents, impeaching eye witnesses I such as MS. ROSALINDA FERNANDEZ'I testimony as to circumstances of abduction of victim were favorable to petitioner for purpose of BRADY

Finally, when the State knowingly or even unknowingly uses false testimony, which is this case, or if the State fails to correct false testimony to obtain a conviction, "the Due Process clause" is violated. see Ex-Parte Ghahremany, 332 S.W.3d 470, 447 (Tx. Crim. App. 2011). Violation of Due-Process is a valid legal claim. The Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense Holmes V. S. Carolina, 547 U.S. 319 (2006)

Therefore Petitioner's Ground for Review two / Question for Review two, should be sustained and this Court of Criminal Appeals should reverse the fourth court of Appeals Memorandum of Opinion and dismissal and allow Mr. Riojas, to perfect his Appeal as PRO-SE, pursuant the holding in Faretta V-California. supra.

## III GROUND FOR REVIEW THREE / QUESTION FOR REVIEW THREE

INEFFECTIVE ASSISTANCE OF COUNSEL. The 6th Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. To obtain reversal of a conviction, the defendant must prove that (1) counsel performance "fell below an objective standard of reasonableness. Strickland V. Washington, 466 U.S. 668, 687-88 (1984); Pina V. Maloney, 565 F.3d 48, 55 (1st Cir. 2009) (presumption of reasonableness when counsel pursued a different line of defense not including calling known witness to support defendant's alibi). (2) counsel's deficient performance prejudice the defendant resulting in an unreliable or fundamentally unfair outcome in the proceeding. See Strickland, 466 U.S. at 687, 691-92; See also Glover V. U.S., 531 U.S. 198, 201, 204 (2001) (counsel's failure to press grouping argument at sentencing, which

increased sentence from 6 to 21 months was prejudicial). The entire records reflects that both trial and appellate counsels not solely fulfill the two prong standard required by the U.S. Supreme Court but also acted in cahoot and the State to insure Mr. Riosas. Therefore consequently with the irreparable injuries both counsels and prosecutors are civil and criminal liables pursuant to 18 USC. 241, 242, 249, 1501-1515, 2331; 42 USC. 1983, 1985 (2) (3) and 1988. Mr. Riosas, would demonstrate by preponderance of evidence on appeal that at least 80% of convictions in Bexar County Courts are obtained by any mean of brutality, inquisitorial practices abolished in development countries such as, lack of basic-nutritious meals in County jail to extreme to inflict physical assaults and poisoning the inmates in order to obtain draconian convictions. If for any reason the defendants afford-challenge a jury trial the pre-selected appointed jurors, whose in general are public employees, police officers among others, sentence their victims and defendant with the maximum available sentence. As entrepreneur and philanthropist REYNALDO FLORES, exposed said trickery and scheme in 2012 CR 1969- and regardless the acquittal for said charges, he remain kidnapped as political prisoner in T.D.C.J. See Exhibits A, B, D.

There is no doubt that petitioner JOSE LUIS RIOSAS faced his trial and appeal without defense counsel. Therefore in order to avoid a major sentence at jury trial, Mr. Riosas, signed a 8 years convictions which at the moment of sentence resulted in 18 years conviction, in flagrant mockery to his constitutional rights. Therefore petitioner's ground for review or question for review number three, should be sustained and this Court of Criminal Appeals should reverse the conspiratorial Fourth Court of Appeals dismissal and memorandum of opinion and allow Mr. Riosas to perfect his appeal as PRO-SE, pursuant the holding in Faretta V. California, Supra

8

# ARGUMENT

Petitioner, JOSE LUIS RIOJAS, Clearly and specifica-
-lly signed a Conditional Plea, Nolo Contendere,
as result of threat, Force and Undeniable Cahoot
among both trial-State Counsels and Trial Court
with the promise to appeal the 18 years Conviction
as Condition of the involuntary plea agreement,
which original was an 8 years plea, and the
trial Court maliciously Convicted him to 18 years
T.D.C.J. U.S. V. Stevens, Supra.

Petitioner learned that these Customary-Policy
practices are premeditately, and Later the same
trial Court MARY ROMAN, tampered the record in
order to dismiss any Legitimate Claim See Exhibits
B1, B2, B3, (A defendant prevailing on appeal may
Later withdraw the Conditional Plea. Fed. R. Crim.
Proc. 11 (a) (2). U.S. V. Acosta Colon, 157 F. 3d
9, 22 (1st Cir 1998) (defendant permited to withdraw
guilty plea pursuant to terms of original plea agree
-ment) U.S. V. Leake, 95 F. 3d 409, 422 (6th Cir 1996)
(defendant permited to withdraw Conditional guilty
plea)

The Clerk's record also shows that Mr. Riojas timely
Filed his pro-se motion to Suppress; while being
entrapped by the trial Counsel and D.A.; U.S. V. Benard
680 F. 3d 1206, 1215 (10th Cir. 2012) (defendant permi-
ted to withdraw plea because district Court erroneous-
-ly denied motion to Suppress).

A guilty plea may be set aside as involuntarily
if the defendant Can establish prejudice resulting
from prosecutorial misconduct. Which is the case
of Mr. Riojas Conviction. Ferrara V. U.S., 456 F. 3d
278, 297-98 (1st Cir 2006) (defendant's plea set aside
and Sentence vacated because there was reasonable
evidence defendant would have opted for trial if
prosecution had not withheld exculpatory evidence)
the entire records reflect, the infested Proceedings
which undermined the Confidence of the trial.

9

## PRAYER FOR RELIEF

Petitioner, Jose Luis Riojas, prays this Honorable Court of Criminal Appeals of Texas "GRANT" this his P.D.R. Pursuant the Conditional Plea agreement to Appeal his 18 years drageonian conviction and/or remand this case to the trial court to Vacate this conspiratorial conviction for further proceeding.

Respectfully submitted.

Jose L Riojas
JOSE LUIS RIOJAS

10

# CERTIFICATE OF SERVICE

I, Petitioner Jose Luis Riojas, unconstitutionally incarcerated in T.D.C.J. Cotulla Unit, certify under penalty of perjury that a truly and correct copy of the foregoing instrument P.D.R. No. 1562-14 was transmitted to Mr. Abel Acosta Clerk of the Court of Criminal Appeals of Texas P.O. Box 12308, Capitol Station, Austin, Texas 78711. Via U.S. Postal Service first class, pursuant to 18 U.S.C. § 1746.

Dated FEBRUARY 6th 2015

Jose L Riojas
JOSE LUIS RIOJAS
T.D.C.J. NO. 1918755

12

# APPENDIX

— NO. 1  RR. Vol. 5 Page 38 Flores V. STATE, C.O.A. 04-12-00815-CR, TC. 2012 CR 1969 marked as Exhibit A.

— NO. 2  Illegal Indictment and Subsequent conviction In 2013 CR 4809, marked as Exhibits B1, B2, B3

— NO. 3  Certificate of Appealability marked as Exhibit C.

— NO. 4  Order on Application For Post Conviction writ Marked as Exhibits D1, D2

Appointed Counsel Mr. Brett EASTLAND begging the Court to Convict Mr. Flores in a Fabricated Double Jeopardy Indictment of Aggravated Kidnapping Sexual Assault

Against Mayra Rubio, used or attempted use of force you will find the defendant not guilty of felony assault. I'm making those corrections. Other than those corrections, does the State have any object to the charge?

MR. DEMARTINO: No objections, Your Honor.

THE COURT: All right. Now, the defense?

MR. EASTLAND: Yes, Your Honor. And before we make those formal objections I'd like to make a motion for directed verdict.

THE COURT: All right. And based on?

MR. EASTLAND: Based on that hardly a scintilla of evidence has been presented to convict Mr. Flores of these three charges.

THE COURT: Of each of the charges?

MR. EASTLAND: Of each of them.

THE COURT: And that will be denied.

Now, did you have a request for the charge, and I will note for the record that the Court on its own has included, based on the defendant's testimony, unlawful restraint and necessity as a justification. Other than those additions to the charge, do you have any other request?

MR. EASTLAND: We have no objection to the unlawful restraint. We are formally objecting to the

Exhibit A

Exhibit A

**Defendant:** MANUEL RIVERA

**JN #:** 1562460-1

## DEFENDANT'S COPY

**Address:** 1120 W SUMMIT AVE, SAN ANTONIO, TX 78201-5630

**Complainant:** Aaron Klopp

**CoDefendants:**

**Offense Code/Charge:** 529902 - ATT TAKE WEAPON FROM PO

```
┌─────────────────────────────┐
│           FILED             │
│  ___O'CLOCK_____M         │
│        MAY 2 9 2013         │
│    DONNA KAY McKINNEY       │
│      DISTRICT CLERK         │
│   BEXAR COUNTY, TEXAS       │
│ BY          DEPUTY          │
└─────────────────────────────┘
```

**GJ:** 570481   **PH Court:** 175

**Court #:** 175TH    **SID #:** 1004517    **Cause #:** 2013 - CR 4809

**Witness: State's Attorney**

### TRUE BILL OF INDICTMENT

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS, the Grand Jury of Bexar County, State of Texas, duly organized, empanelled and sworn as such at the May term, A.D., 2013, of the 226 TH Judicial District Court of said County, in said Court, at said term, do present in and to said Court that in the County and State aforesaid, and anterior to the presentment of this indictment:

on or about the 15th Day of February, 2013, MANUEL RIVERA, hereinafter referred to as defendant, did intentionally and knowingly and with force attempt to take from Aaron Klopp, a PEACE officer, the officer's FIREARM with the intention of harming Aaron Klopp;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

DARRELL
WAYNE
HOLLOWELL

_____
Foreman of the Grand Jury

*Defendant Indicted for Att. take Weapon from PO. and convicted for Aggravated Assault with D/WPN. to a different alleged victim.*

Exhibit B

CAUSE NO. 2013-CR-4809—W1

FILED
DONNA KAY MCKINNEY
DISTRICT CLERK
BEXAR COUNTY
2014 NOV 20 P 2:05
* DEPUTY
BY_____

EX PARTE:                                         IN THE DISTRICT COURT

MANUEL RIVERA                                    175TH JUDICIAL DISTRICT

APPLICANT                                         BEXAR COUNTY, TEXAS

---

## STATE'S RESPONSE TO APPLICANT'S PETITION
## FOR WRIT OF HABEAS CORPUS

---

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the State of Texas by and through its Criminal District Attorney, Susan D. Reed, and files this response to the Applicant's Petition for Writ of Habeas Corpus.

### I. Habeas Writ Filed

The Applicant Manuel Rivera filed this petition for a post-conviction writ of habeas corpus pursuant to art. 11.07, § 3(a) Texas Code of Criminal Procedure. The State files this answer pursuant to art. 11.07 § 3(b).

### II. Statement of the Case

The Applicant was convicted of committing the offense of Aggravated Assault with a Deadly Weapon in Cause No. 2013-CR-4809 and punishment was assessed at confinement for 7 years.  His petition for a writ of habeas corpus was filed on November 12, 2014.  The State was served by the District Clerk of Bexar County on November 14, 2014.

### III. State's General Denial

The State generally and specifically denies each and every allegation of fact made by the Applicant and demands strict proof of same.

Exhibit B

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the State would ask that the trial court enter an ORDER recommending the relief be denied.

Respectfully submitted,

**SUSAN D. REED**
Criminal District Attorney
Bexar County, Texas

**LAUREN SCOTT**
Assistant Criminal District Attorney
Bexar County, Texas
PAUL ELIZONDO TOWER
101 W. NUEVA
San Antonio, Texas 78205-3030
SBN: 24066843
(210) 335-2411
(210) 335-2436-FAX

*Attorneys for the State*

## CERTIFICATE OF SERVICE

I, Lauren Scott, Assistant Criminal District Attorney, Bexar County, Texas, certify that a true and correct copy of the foregoing response will be mailed to Manuel Rivera, Dominguez Unit, 6535 Cagnon Rd., San Antonio, Texas 78252, and Reynaldo Flores, Cotulla Unit, 610 FM 324, Cotulla, Texas, 78014, on this the 20th day of November 2014.

LAUREN SCOTT

**Defendant:** MANUEL RIVERA
**JN #:** 1562461-1

**DEFENDANT'S COPY**

**Address:** 1120 W SUMMIT AVE, SAN ANTONIO, TX 78201-5630

**Complainant:** Debra Martinez, Javier Guerrero

**CoDefendants:**

**Offense Code/Charge:** 130116 - AGG ASSLT W/DEADLY WPN

FILED

_____ O'CLOCK_____ M

AUG 2 9 2013

DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY, TEXAS

BY_____
DEPUTY

**GJ:** 570480          **PH Court:** 175

**Court #:** 175TH          **SID #:** 1004517          **Cause #:**

**Witness:** State's Attorney

**2013 CR 7775**

## TRUE BILL OF INDICTMENT

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS, the Grand Jury of Bexar County, State of Texas, duly organized, empanelled and sworn as such at the July term, A.D., 2013, of the 227TH Judicial District Court of said County. in said Court, at said term, do present in and to said Court that in the County and State aforesaid, and anterior to the presentment of this indictment:

### Count 1

### Paragraph A

on or about the 15th Day of February, 2013, MANUEL RIVERA, hereinafter referred to as defendant, did use and exhibit a deadly weapon, NAMELY: A KNIFE, THAT IN THE MANNER OF ITS USE AND INTENDED USE WAS CAPABLE OF CAUSING DEATH AND SERIOUS BODILY INJURY, and defendant did intentionally, knowingly and recklessly CAUSE BODILY INJURY to Debra Martinez, hereinafter referred to as complainant, by CUTTING AND STABBING THE COMPLAINANT WITH SAID DEADLY WEAPON;

### Paragraph B

on or about the 15th Day of February, 2013, MANUEL RIVERA, hereinafter referred to as defendant, did use and exhibit a deadly weapon. NAMELY: A KNIFE. THAT IN THE MANNER OF ITS USE AND INTENDED USE WAS CAPABLE OF CAUSING DEATH AND SERIOUS BODILY INJURY, and defendant did intentionally and knowingly THREATEN IMMINENT BODILY INJURY to Debra Martinez, hereinafter referred to as complainant, by SWINGING THE KNIFE AT AND IN THE DIRECTION OF THE COMPLAINANT AND BY LUNGING AT THE COMPLAINANT WITH THE KNIFE;

Exhibit B

Defendant: MANUEL RIVERA
JN #: 1562461-1

Count 2

Paragraph A

on or about the 15th Day of February, 2013, MANUEL RIVERA, hereinafter referred to as defendant, did use and exhibit a deadly weapon, NAMELY: A KNIFE, THAT IN THE MANNER OF ITS USE AND INTENDED USE WAS CAPABLE OF CAUSING DEATH AND SERIOUS BODILY INJURY, and defendant did intentionally, knowingly and recklessly CAUSE BODILY INJURY to JAVIER GERARDO GUERRERO, hereinafter referred to as complainant, by CUTTING AND STABBING THE COMPLAINANT WITH SAID DEADLY WEAPON;

Paragraph B

on or about the 15th Day of February, 2013, MANUEL RIVERA, hereinafter referred to as defendant, did use and exhibit a deadly weapon, NAMELY: A KNIFE, THAT IN THE MANNER OF ITS USE AND INTENDED USE WAS CAPABLE OF CAUSING DEATH AND SERIOUS BODILY INJURY, and defendant did intentionally, knowingly and recklessly THREATEN IMMINENT BODILY INJURY to Javier Guerrero, hereinafter referred to as complainant, by SWINGING THE KNIFE AT AND IN THE DIRECTION OF THE COMPLAINANT;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

PAMELA L. SLATE SCHLEICHER

_____
Foreman of the Grand Jury

No. _2017 CR 1369_

The State of Texas      §      In the _175th_ District Court

vs.      §      of

_Jose Riojas_      §      Bexar County, Texas

### TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

☐      is not a plea-bargain case, and the defendant has the right of appeal; (or)

☐      is a plea-bargain case, but the defendant has filed a notice of appeal that specifies the appeal if for a jurisdictional defect; (Tex.Rules App. Pro. 25.2(a)(2)(A));

☐      is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal; (Tex.Rules App. Pro. 25.2 (a)(2)(B)); (or)

☐      is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal; (Tex. Rules App. Pro. 25.2(a)(2)(c)); (or)

☐      is a plea-bargain case, and the defendant has NO right of appeal; (or)

☐      is a revocation of the defendant's community supervision, and the defendant has the right to appeal the court's action revoking the community supervision, but not the underlying conviction (Tex, Code of Crim. Pro. 42.12§23); (or)

☐      is an adjudication of guilt following a deferred adjudication, and the defendant has a limited right of appeal (Tex. Code of Crim. Pro. 2.12§5(b));

☐      is a decision on the defendant's motion for forensic DNA testing and the defendant has the right of appeal (Tex. Code of Crim. Pro 64.05);

☐      is one in which the defendant has waived the right of appeal.

_____      _2-13-18_

**JUDGE**      **Date Signed**

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the court of criminal appeals. Tex. R. App. P. 68.2.

I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_____      _____

**DEFENDANT**      **ATTORNEY FOR DEFENDANT**

Mailing address:_____      Bar number:_____

Telephone number:_____      Mailing address:_____

Fax number if any:_____      Telephone:_____

     Fax:_____

*"A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).

Exhibit C

## NO. 2012CR1969-W2

| EX PARTE | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | 290TH JUDICIAL DISTRICT |
| REYNALDO FLORES | § | BEXAR COUNTY, TEXAS |

## ORDER ON APPLICATION FOR POST CONVICTION WRIT

The Court having concluded that the allegations of ineffective assistance of counsel contained in an application for a post-conviction writ of habeas corpus create a necessity for a hearing, but that the matter is capable of resolution by means of affidavits, it is **ORDERED**, as follows:

1. That the Clerk forward a copy of the writ application and its attachments to, **George Albritton 'Britt' Eastland, 921 S Saint Marys St. Ste. 2, San Antonio, Texas 78205.**

2. That, on or before **February 20, 2015, George Albritton 'Britt' Eastland** file with this court his written affidavit confirming or denying the allegations of ineffective assistance.

   a. Please respond to Applicant's allegations regarding the claims of ineffective assistance of counsel, including, but not limited to, the following:

      (1) Counsel "openly states his evil intention to convict Mr. Flores on the three counts to the indictment. Counsel also states 'we have no objection to convict Mr. Flores for 'unlawful restraint' and we are formally objecting to the necessity instruction.'"

      (2) Counsel, "right after the court denied his motion [for directed verdict] to convict Mr. Flores to the three counts to the indictment, with knowledge he was losing his bonus and conviction, in a desperate effort tried to introduce the lesser offense of kidnapping, for which the court states that 'Mr. Flores testified very clear that he never kidnapped the victim.' In other words, Mr. Flores had to afford the duress of his trial without defense counsel."

   b. After you have reviewed the Applicant's writ application, please address any other issues raised by Applicant not specifically listed above and of which you have knowledge or information.

   c. If there is any additional information not present before the court at this time that is relevant to the court's understanding of this matter, please include any such information to clarify this issue.

1

3. Simultaneously, **George Albritton 'Britt' Eastland** shall deliver the affidavit and summation to Applicant **Reynaldo Flores, TDCJ ID: 01912036, Cotulla Transfer Facility, 610 FM 624, Cotulla, Texas, 78014.**

After these matters have occurred, this Court will forward its Order including its findings to the Court of Criminal Appeals for its disposition of the matter.

Information contained in an affidavit filed pursuant to this order does not represent a violation of the attorney-client privilege. *See* TEX. R. EVID. 503(d)(3)(stating that communications relevant to issues concerning breach of counsel's duty to his client represents an exception to the rule governing attorney-client privilege).

**Failure to abide by this order is subject to a charge of contempt.**

SIGNED and ENTERED this 2 day of Jan , 2015

JUDGE MELISA SKINNER
290th Judicial District
Bexar County, Texas

cc:
**Reynaldo Flores**
**TDCJ ID 01912036**
**Cotulla Transfer Facility**
**610 FM 624**
**Cotulla, Texas 78014**

2

## NO. 2012CR1969-W2

EX PARTE

§ IN THE DISTRICT COURT

§ 290TH JUDICIAL DISTRICT

**REYNALDO FLORES**

§ BEXAR COUNTY, TEXAS

## ORDER DESIGNATING ISSUES

The Court having concluded that controverted, previously unresolved facts which are material to the legality of Applicant's confinement exist and need to be resolved, there is a necessity for the suspension of the time limitations enunciated in Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3(d) (Vernon 2014).

Applicant has alleged the following issue which the court finds requires resolution:

a. Violation of Applicant's rights under the Fourth and Fifth Amendments through an unreasonable search and seizure, lacking probable cause or reasonable suspicion.

b. Violation of Applicant's rights under the Fifth and Fourteenth Amendments double jeopardy clause; spoliation of evidence and witnesses.

c. Ineffective Assistance of Counsel.

d. Violation of Applicant's rights under the Eighth and Thirteenth Amendments protection against cruel and unusual punishment, "involuntary servitude – draconian convictions."

e. Violation of Applicant's "rights under the Fourteenth Amendment through the conspiracy and deprivation of rights under color of law, obstruction of justice, etc."

Findings will be forwarded to the Court of Criminal Appeals for its disposition of the matter.

SIGNED and ENTERED on January 12, 2015

**JUDGE MELISA SKINNER**
290th Judicial District Court
Bexar County, Texas

Exhibit D2



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00217-CR

Jose Luis **RIOJAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR1304
Honorable Mary D. Roman, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Karen Angelini, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  November 12, 2014

DISMISSED

Jose Luis Riojas pleaded nolo contendere to aggravated assault with a deadly weapon and pleaded true to an enhancement paragraph pursuant to a plea bargain agreement. As part of his plea-bargain, Riojas signed a separate "Waiver of Appeal." The trial court imposed sentence in accordance with the plea agreement. The trial court initially signed a certificate stating that "[this] is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal;" and "defendant has waived the right of appeal." Riojas timely filed a notice of appeal and the record was filed.

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure requires "[t]he trial court [to] enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order." TEX. R. APP. P. 25.2(a)(2). This court is "obligated to review that record [to] ascertain[] whether the certifications [are] defective." *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). A certification is "defective" if it "proves to be inaccurate" "when compared with the record." *Id.* at 614.

Our review of the record discloses that this is a plea bargain case and that Riojas signed a waiver of his limited right of appeal. The trial court expressly advised Riojas at the sentencing hearing that "[y]ou do not have my permission to appeal," and we have not found any indication that the trial court subsequently granted Riojas permission to appeal. Appellant's counsel has filed a notice stating he has reviewed the record and can find no right of appeal.

We abated the appeal for the trial court to reconsider the certification. On October 14, 2014, the trial court signed an amended certification, stating that this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." The certification has been filed in a supplemental clerk's record.

We agree with counsel and the trial court that the record establishes Riojas does not have a right to appeal. We therefore dismiss this appeal. TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH

FREE

Jose Luis Rojas
TDCJ NO 1918175
Cotulla Transfer Facility
610 FM 624
Cotulla TX 78014

LEGAL MAIL

SAN ANTONIO
MON 09 FEB 2015 PM
FOREVER USA FOREVER USA FOREVER USA FOREVER USA FOREVER USA 2014

CLERK: ABEL ACOSTA
COURT OF CRIMINAL APPEALS
OF TEXAS
P.O. BOX 12308
CAPITOL STATION
AUSTIN TEXAS 78711